**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**CINDA PARISH**

                  **Plaintiff,**                  **Case No. 3:08-cv-421**

**vs.**                                       **Judge Thomas M. Rose**

**MICHAEL J. ASTRUE,**               **Magistrate Judge Michael R. Merz**
**Commissioner of the**
**Social Security Administration,**

                  **Defendant**.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONERS
OBJECTIONS (Doc. #20); ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATIONS (Doc. #19) IN ITS ENTIRETY;
REVERSING THE COMMISSIONER'S DECISION THAT PARISH IS
NOT ENTITLED TO BENEFITS; REMANDING THIS MATTER TO THE
COMMISSIONER FOR THE PAYMENT OF BENEFITS; AND
TERMINATING THIS CASE**

_____

Plaintiff Cinda Parish ("Parish") brought this action seeking judicial review of a final

decision of the Defendant Commissioner of Social Security (the "Commissioner"). On December

29, 2009, the Magistrate Judge issued a Report and Recommendations regarding Parish's appeal.

The Commissioner has objected (doc. #20) to the Report and Recommendations. Parish was

given until February 1, 2010, to file her response to the Objections and did not do so. She was

then granted leave to file her response instanter on February 3, 2010.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's

Report and Recommendations (doc. #19) and in the Commissioner's Objections and Parish's

Response, a thorough de novo review of the record in this matter, and a thorough review of the

applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety. Further, the Commissioner's Objections to the Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478

F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the Commissioner has applied the correct legal criteria but the decision that Parish is not disabled is not supported by substantial evidence on the record as a whole. WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #19) in its entirety.

The Commissioner's decision that Parish is not disabled and therefore not entitled to benefits is REVERSED. This matter is REMANDED to the Commissioner for the payment of benefits consistent with the Social Security Act. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Third day of February, 2010.

.                                                        **s/Thomas M. Rose**

                                                        _____
                                                        JUDGE THOMAS M. ROSE
                                                        UNITED STATES DISTRICT COURT


Copies furnished to:

Counsel of Record